**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD, a/s/o NISSAN MOTOR CO., LTD., and NISSAN MOTOR CO., LTD., | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 17 C 7228 |
| v. | ) ) | Judge Sara L. Ellis |
| DANZAS CORPORATION, d/b/a DHL GLOBAL EXPRESS FORWARDING, and AIR EXPRESS INTERNATIONAL USA, INC., d/b/a DHL GLOBAL FORWARDING, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| DANZAS CORPORATION, d/b/a DHL GLOBAL EXPRESS FORWARDING, and AIR EXPRESS INTERNATIONAL USA, INC., d/b/a DHL GLOBAL FORWARDING, | ) ) ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| CARGO AIRPORT SERVICES USA, LLC d/b/a CONSOLIDATED AVIATION SERVICES a/k/a CONSOLIDATED AVIATION SERVICES, | ) ) ) ) ) ) | |
| Third-Party Defendant. | ) | |

## **OPINION AND ORDER**

Plaintiff Tokio Marine & Nichido Fire Insurance Co, Ltd. ("Tokio"), as the subrogee of

Nissan Motor Co., Ltd. ("Nissan"), sued Defendants/Third-Party Plaintiffs Danzas Corporation

d/b/a DHL Global Express Forwarding and Air Express International d/b/a DHL Global

Forwarding (collectively, "DHL") alleging that as a result of mishandling on the part of DHL, a shipment of lithium ion batteries (the "Batteries") that Nissan contracted with DHL to ship from O'Hare International Airport in Chicago to Narita International Airport in Tokyo, Japan, was damaged to the point that the shipment was a total loss.  DHL answered Tokio's complaint and filed its own third-party complaint against Third-Party Defendant Cargo Airport Services USA ("CAS"), alleging that any damage to the Batteries was the result of CAS' negligence as the ground handler in preparing the batteries for shipment.  DHL brings claims for negligence, breach of contract, contribution, and indemnification against CAS.  CAS now moves for judgment arguing that DHL's claims are time-barred pursuant to Article 35 of the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention"), May 28, 1999 (entered into force on Nov. 4, 2003), S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000), which bars actions for damages arising out of airfreight transactions, unless the action is brought within two years from the conclusion of the shipment in question.  *Id.* Art. 35.  Because the Montreal Convention's two-year limitations period does not apply to claims for contribution or indemnification the Court denies the motion with respect to these claims.

## BACKGROUND

On March 7, 2015, Nissan contracted with DHL to ship the Batteries from the United States to Japan.  DHL took possession of the Batteries on March 7, 2015, and delivered them to Japan, arriving on some subsequent date.[1]  Tokio alleges that the Batteries arrived damaged and completely unusable.  Its subrogor, Nissan, filed an insurance claim with Tokio for the full value

---

[1] Neither the Complaint nor the Third-Party Complaint specifies the delivery date for the shipment of the Batteries.  CAS attaches documentation to its motion for judgment on the pleadings that it asserts establishes the delivery date as March 12, 2015.  CAS asserts that the Court may take notice of these documents without converting the motion to one for summary judgment.  This may well be true, but because the Court ultimately finds that the two-year limitations period in the Montreal Convention does not apply to the claims in the Third-Party Complaint, determining the date of the shipment is not necessary to the disposition of the motion.

2

of the damaged Batteries, which Tokio paid. Tokio then brought suit against DHL to recover the value of the damaged Batteries. On May 8, 2017, DHL filed the present Third-Party Complaint against CAS as the ground handler seeking contribution and indemnification for any damages DHL may ultimately owe to Tokio and also alleging CAS breached its contract with DHL and was negligent in its handling of the Batteries. DHL asserts that any liability it may face related to damage to the Batteries is directly and entirely attributable to CAS' improper handling and preparation of the Batteries for shipment.

## LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

**ANALYSIS**

CAS moves for judgment on the pleadings on the Third-Party Complaint arguing that because all of the claims relate to the handling of an international airfreight shipment of cargo, they are governed by the terms of the Montreal Convention, and that pursuant to the Montreal Convention, a party must bring all claims for damages within two years of the completion of the shipment in question. The Montreal Convention states, "The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination[.]" Montreal Convention, Art. 35. CAS argues that this bar[2] applies to DHL's Third-Party Complaint and therefore, the Court must dismiss it. DHL responds that this bar does not apply to claims for contribution and indemnification and that CAS has not adequately established that it is a covered entity under the Montreal Convention.[3]

Very few courts have addressed this issue head on, with the Ninth Circuit being the only circuit court to do so. In *Chubb Insurance Company of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*, the Ninth Circuit held that Article 35 does not apply to claims for contribution and indemnification. 634 F.3d 1023, 1028 (9th Cir. 2011). Just as here, *Chubb* dealt with a third-party complaint by a contract carrier against one of the agents involved in the actual transportation of the cargo. The court found Article 35 to be a narrow limitation on actions applying only to the "right to damages." *Id.* at 1026.

Because neither Article 35 nor the rest of the Montreal Convention expressly defines the "right to damages," the court engaged in a textual analysis, and determined that when the

---

[2] CAS asserts that the two-year bar is a statute of repose or a condition precedent to bringing a claim for damages, not a statute of limitations. Because the Court finds that claims for indemnification and contribution are not claims for damages and thus not covered by Article 35, the Court does not need to address what the proper classification of the two-year bar is.

[3] DHL also argues that the Montreal Convention does not preempt its claims, but CAS does not assert preemption as a basis for judgment on the pleadings, therefore the Court does not consider it further in this order.

4

Montreal Convention is read as a whole, "its contours become clear." *Id.* The court determined that the "right to damages" in Article 35 "is the cause of action under the Montreal Convention by which a passenger or consigner may hold a carrier liable for damage sustained to passengers, baggage, or cargo." *Id.* A claim for contribution or indemnification is not such a claim; it is derived from such a claim, but is not such a claim itself. *Id.*

The court in *Chubb* went on to note that the Montreal Convention expressly states that its limitations on damages shall not "prejudice the question whether a person liable for damage in accordance with its provisions has a right of recourse against any other person." Montreal Convention, Art. 37. The court reasoned that to avoid a conflict between the text of Article 35 and Article 37, the time bar in Article 35 cannot apply to suits between carriers seeking contribution and indemnification. *Chubb*, 634 F.3d at 1027.

The Ninth Circuit also noted that Article 45 specifically notes that if an action for damages is brought against only one carrier when more than one carrier is involved in a shipment, the carrier against whom the action for damages was brought "shall have the right to require the other carrier to be joined in the proceedings, the procedure and effects being governed by the law of the court seized on the case." *Id.* (quoting Montreal Convention, Art. 45). This article clearly provides that in a situation such as in the present case where the plaintiff sues only the contract carrier but some other carrier may also be liable, the contract carrier must be allowed to join the third-party carrier to the suit and such joinder will be governed by the local rules of that court, not the rules of Article 35. *Id.*

This Court agrees with the above analysis from the Ninth Circuit. It is clear that when read as a whole, the Montreal Convention does not require a party to bring claims for indemnification and contribution within the two-year limitations period in Article 35.

5

CAS argues that the Court should not follow the decision in *Chubb*, stating that it was wrongly decided. CAS asserts that the Ninth Circuit opinion has three major flaws: first it improperly equated the singular "damage" with the plural "damages;" second, it misidentified a Canadian trial level court as the Ontario Supreme Court of Canada when declining to follow prior cases interpreting the predecessor to the Montreal Convention, the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, (the "Warsaw Convention") 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* 49 U.S.C. § 1502 (1970); and third, it ignored the text of Article 48 when finding that indemnification is a right of recourse. The Court finds none of these arguments persuasive.

First, there is a distinction between damage and damages. As CAS notes, damage typically means "loss or injury to person or property," and damages means "compensation for loss or injury." *Black's Law Dictionary* (10th ed. 2014). But the Ninth Circuit did not conflate the two in its opinion as CAS claims. The court merely used the examples of types of damage for which passengers and consignors could seek compensation under the Montreal Convention to give some substance to the undefined phrase "right to damages." *See Chubb*, 634 F.3d at 1026. This demonstrates that the court was keenly aware that damages are compensation for damage, and that the two are not interchangeable. *See id.* ("UPS does not seek compensation for damage sustained to the engine; rather, UPS, as a contracting carrier, seeks *indemnification* . . . for such compensation it has already paid Chubb.")

Second, CAS spends nearly two pages pointing out that the Ninth Circuit misidentified the Ontario High Court of Justice, a trial level court, as the Ontario Supreme Court of Canada, and that this misidentification resulted in the Ninth Circuit ignoring Supreme Court precedent that says courts should be "hesitant to follow" opinions from other Warsaw Convention

6

signatory countries if those opinions are not from courts of last resort. *Olympic Airways v. Husain*, 540 U.S. 644, 655 n.9, 124 S. Ct. 1221, 157 L. Ed. 2d 1146 (2004). This argument is misguided for two main reasons. First, the Ninth Circuit did not rely upon the Canadian case in making its decision that the Montreal Convention's time bar did not apply to claims for contribution and indemnification. In *Chubb*, the third-party defendant argued that when interpreting the Montreal Convention the Ninth Circuit was bound to follow prior precedent interpreting that Warsaw Convention that held that claims for indemnification and contribution among carriers were subject to the two-year limitations period. The Ninth Circuit stated that it found the district court cases cited by the third-party defendant unpersuasive and that the Canadian case was better reasoned. *Chubb*, 634 F.3d at 1028. However, the court went on to note that it was not bound to follow any Warsaw Convention related precedent when it found that the text of the Montreal Convention was unambiguous, as is the case here. *Id.* Furthermore, even if the Ninth Circuit did find it instructive to consult prior cases interpreting the Warsaw Convention, the value of such analysis would be strictly limited by the material differences between the Warsaw Convention and the Montreal Convention on this issue. *See AGCS Marine Ins. Co. v. Geodis Calberson Hungaria Logisztikai KFT*, No. 16-CV-9710 (JMF), 2017 WL 5891818, at *4 (S.D.N.Y. Nov. 28, 2017) (comparing the material differences between the two conventions and finding that the Warsaw Convention contained no provisions relating to the "right of recourse"). Therefore, the Ninth Circuit's citation error was immaterial to its decision and the Court does not find it wrongly decided on this basis either.

Finally, CAS argues that indemnification cannot be a "right of recourse" under the Montreal Convention because Article 48 lists right of recourse and indemnification separately. *See* Montreal Convention, Art. 48 ("[N]othing in this Chapter shall affect the rights and

7

obligations of the carriers between themselves, including any right of recourse or indemnification."). CAS argues that the Ninth Circuit's "conclusion that claims for indemnification or contribution are subsumed within the term 'right of recourse' would render Article 48's reference to 'indemnification' superfluous." Doc. 62 at 12. First, Article 48 says nothing about contribution, so to the extent CAS seeks to extend this argument to also cover claims for contribution it is unsupported and the Court rejects it out of hand. *See Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 782 (7th Cir. 2008) (quoting Warsaw Convention, Art. 30A) (interpreting nearly identical language in the Warsaw Convention, holding "right of recourse" as encompassing rights to contribution). Second, even if claims for indemnification are not covered by "right of recourse" this does not solve CAS's central problem, that there is no textual support in the Montreal Convention for finding indemnification to be a claim for damages. Despite the fact that it would be somewhat redundant to include indemnification and right of recourse in the same clause if one is subsumed in the other, the Court does not find that this is dispositive of the issue, particularly when there is substantial textual support elsewhere in the Montreal Convention for finding that indemnification is, in fact, a right of recourse. *See Geodis*, 2017 WL 5891818, at *3 (quoting *Chubb*, 634 F.3d at 1027). Thus, while courts should "avoid interpretations that reduce some statutory terms to surplusage," they should also interpret a statute with an "eye toward its broader statutory context and purpose." *Jabateh v. Lynch*, 845 F.3d 332, 344 (7th Cir. 2017). The full context of the Montreal Convention reveals that there is no intention to submit claims for indemnification to the limitations of Article 35; therefore, to the extent it is necessary to interpret the use of indemnification in Article 48 as surplusage to effectuate that intention, the Court adopts that interpretation. Finally, even if the Court were to find that indemnification is a claim for

damages, Article 48 is clearly drafted to exempt claims among carriers for indemnification, no matter how they are characterized, from the limitations imposed on other claims in the Montreal Convention. Thus, the Court finds no support in the Montreal Convention for the contention that claims for indemnification or contribution are subject to the two-year limitations period in Article 35.

Taking all of this together, it is clear that the two-year limitations period does not apply to claims for contribution and indemnification. Regardless of whether DHL filed its Third-Party Complaint within two years of the completion of the shipment, the Montreal Convention's timing requirements have no bearing on its timeliness, and the Court denies the motion for judgment on the pleadings.

DHL also argues that CAS is not covered by the Montreal Convention's liability limitations because it has not met its burden to show that it is a carrier or agent or servant of a carrier acting with the scope of its employment with the carrier. But, because the Court finds that the bar does not apply to claims for contribution or indemnification regardless of CAS's status as a carrier or servant of a carrier, the Court does not reach this issue.

## CONCLUSION

For the foregoing reasons, the Court denies CAS's motion [49] for judgment on the pleadings.

Dated: May 15, 2018

_____
SARA L. ELLIS
United States District Judge